UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. JONES, | CASE NO. 1:10-cv-02063-GBC (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM |
| v. | |
| JAYANTA CHOUDHURY, M.D., et al., | (ECF No. 8) |
| Defendants. | CLERK TO CLOSE CASE |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Larry D. Jones ("Plaintiff"), an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 8, 2010 and consented to Magistrate Judge jurisdiction on November 22, 2010. (ECF Nos. 1 & 5.) No other parties have appeared. Plaintiff's original complaint was dismissed with leave to amend for failure to state a claim. Plaintiff filed a First Amended Complaint on July 21, 2011. (ECF No. 8.)

1

Plaintiff's First Amended Complaint is now before this Court for screening. For the reasons set forth below, the Court finds that Plaintiff has failed to state any cognizable claims.

## II. SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

///

//

### III. **SUMMARY OF COMPLAINT**

Plaintiff brings this action for inadequate medical care in violation of the Eighth Amendment. Plaintiff names the following individuals as Defendants: Jayanta Choudhury, M.D.; David I. Rohrdonz, M.D.; N. Bair, R.N.; Jajodia, M.D.; Albena V. Dimitrova, M.D.; Kristie Perkins, Lab.; Nicholas Hamilton, Lab.; Maggie, PCA; and Chantal, R.N.

Plaintiff alleges as follows: On October 27, 2008, Defendant Jojodia assisted by Defendants Rohdanz and Bair performed surgery on Plaintiff. During the surgery, a hole was accidentally cut in Plaintiff's stomach. Plaintiff was discharged from the hospital the same day by Defendant Rohdanz. On October 28 and 29, 2008, Plaintiff had a GI bleed and didn't know it. On October 30, 2008, Defendant Dimitrova ordered that Plaintiff have a blood transfusion which was performed by Defendant Hamilton Nicholas. A lab test was requested by Defendant Perkins. Plaintiff did not give his consent to this. On October 31, 2008, another blood transfusion was ordered by Defendant Choudhury and performed by Defendants Chantal and Maggie without Plaintiff's consent. Defendant Choudhury then performed an endoscopy and applied to metal clips to stop the bleeding in Plaintiff's stomach.

Plaintiff seeks compensatory and punitive damages, and injunctive relief.

### IV. **ANALYSIS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.     Eighth Amendment Claims

Plaintiff appears to be alleging that Defendants were deliberately indifferent to Plaintiff's serious medical need in violation of the Eighth Amendment.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be

4

substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff alleges that he had a some kind of surgery, during which his stomach was accidentally lacerated, had several blood transfusions, and finally had another surgery to repair the damage caused by the first surgery.

Again, as currently pleaded, Plaintiff fails to allege facts sufficient to demonstrate deliberate indifference to his serious medical need. Plaintiff states that he had surgery, and was treated for the accidental laceration when Defendants figured out what was wrong. He appears to allege negligence or perhaps medical malpractice neither of which support a claim under Section 1983.

Plaintiff was previously notified of the relevant legal standards and the deficiencies in his original complaint. In fact, the Court noted that it appeared Plaintiff was claiming negligence or medical malpractice, both of which are state claims and will not be addressed here unless and until he stated a constitutional violation. His Second Amended Complaint again fails to indicate any constitutional violations. Because Plaintiff's First

Amended Complaint again fails to state a Section 1983 claim against any named Defendant, the Court will dismiss this action without further leave to amend.

### B. State Law Claims

Plaintiff appears to be alleging that Defendants committed medical malpractice or medical negligence, which are state law claims. However, the Court does not reach the viability of Plaintiff's state law as it will not exercise supplemental jurisdiction over state law claims unless Plaintiff is able to state a cognizable federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

## V. CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any Section 1983 claims upon which relief may be granted against the named Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action, Plaintiff filed two complaints and received substantial guidance from the Court in its Screening Order. (ECF Nos. 1, 7, & 8.) Even after receiving the Court's guidance, Plaintiff failed to make alterations or to include additional facts to address the noted deficiencies. Because of this, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore orders that further leave to amend not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

//

///

Accordingly, based on the foregoing, the Court HEREBY ORDERS that this action be DISMISSED in its entirety, WITH PREJUDICE, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   July 26, 2011

UNITED STATES MAGISTRATE JUDGE